IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                            Case No.:

Palsata Trust,                                    21-10157-KHK

    Debtor.                                   Chapter 7

**MEMORANDUM OPINION AND ORDER**
**DISMISSING CASE AND IMPOSING TWO-YEAR BAR TO RE-FILING**

    This matter came before the Court on the United States Trustee's motion seeking (i) to dismiss this case under sections 707(a) and (b)(1) of the Bankruptcy Code, and (ii) a two-year bar to refiling as to both the Palsata Trust (the "Debtor") and as to the non-filing party, Palwinder Singh ("Singh").  Docket No. 24; Amended at Docket No. 26.[1]  At core, the U.S. Trustee asserts that this is an abusive alter ego filing, made by an ineligible non-business trust at the behest of the trust's trustee, a serial filer in this Court.  The Court heard the United States Trustee's argument on March 9, 2021.  For the reasons stated from the bench, and as set forth below, the Court finds that the Debtor is ineligible to be a debtor in bankruptcy and that cause exists to dismiss this bankruptcy.  The Court will therefore order that this case be dismissed and that Palwinder Singh and the Debtor be barred from refiling a petition under the Bankruptcy Code for a period of two years.

**Factual Background**

---

[1] The Debtor filed its own Motion to Dismiss on March 4, 2021, Docket No. 38, but did not file a Notice of Motion or Notice of Hearing.  The United States Trustee noted its objection to any voluntary dismissal of this case in light of the facts as stated on the record.

This is the Debtor's first bankruptcy case, but procedurally, this is the ninth filing of Palwinder Singh. Singh's case history is as follows:

1) No. 10-15987-RGM – Chapter 7; dismissed for failure to attend the meeting of creditors.

2) No. 11-10531-RGM – Chapter 7; standard discharge.

3) No. 11-16477-RGM – Chapter 13; dismissed for material default.

4) No. 15-10856-RGM – Chapter 13; dismissed on good faith grounds.

5) No. 16-10804-KHK – Chapter 13; dismissed for material default and unreasonable delay.[2]

6) No. 17-12173-BFK – Chapter 11; dismissed with prejudice for 180 days.[3]

7) No. 18-14050-KHK – Chapter 11; dismissed with prejudice for 90 days.

8) No. 20-10424-BFK – Chapter 11; dismissed with prejudice for 1 year, which period expires on March 12, 2021. The Court found this case was filed in subjective bad faith, was objectively futile, and dismissed the matter with prejudice with specific findings of fact.[4]

9) No. 21-10157-KHK – Chapter 7; this current case, filed by Palwinder Singh in the name of the Palsata Trust.

The current case was filed in the name of the Debtor, Palsata Trust, by Singh, who acted as the Debtor's representative. Singh disclosed the Trust in Bankruptcy Case 17-12173-BFK, Docket No. 1, in Question 18 of the Statement of Financial Affairs, with himself as the Trustee. Singh further disclosed that he owned the property known as 817 Walker Road, Great Falls,

---

[2] The Debtor appealed the dismissal of this case. This Court's Order was affirmed by the District Court and by the Fourth Circuit. Civil Action No. 1:17-cv-00266-TSE-MSN; USCA 17-1981.
[3] The Debtor appealed the dismissal of this case to the District Court, which affirmed this Court's Order. Civil Action Number: 1:18-cv-00644-AJT-MSN.
[4] Bankruptcy Case 20-10424-BFK, Docket No. 33. The Debtor appealed the dismissal of this case to the District Court, which affirmed this Court's Order. Civil Action Number: 1:20-cv-00327-AJT-JFA. The Debtor appealed this ruling to the Fourth Circuit, which appeal is still pending: USCA 20-2143.

Virginia (the "Property") in each of the successive bankruptcies in his Schedule A/B, specifically identifying it in Docket No. 22 for Case 17-12173-BFK, in Docket No. 29 for Case No. 18-14050-KHK, and as his primary residence in Docket No. 25 for Case No. 20-10424-BFK. Despite Singh having claimed the Property as his own in Case Nos. 17-12173 and 20-10424, according to the Deed of Gift attached to the Debtor's petition, Singh transferred the Property to the Debtor for no consideration in 2015. Docket No. 1, p.22. The Court notes that the original note and Deed of Trust attached to the Motion for Relief from Stay filed in this case indicate that Singh was the borrower and grantor thereunder (not the Debtor). Docket No. 36-1. The Debtor identified itself as an "irrevocable trust" and as a tax-exempt entity in its filed petition with no gross revenue, no non-business revenue, no financial accounts and no business records or debts. Docket No. 1., p. 2. The Deed of Gift attached to the petition identified the Debtor as a "revocable inter vivos trust". Docket No. 1, p. 22.

The Debtor filed this case to forestall actions against the Property. Schedules A/B and D list the property's value at $350,000 and the mortgage at $842,000, respectively. Docket No. 33. By contrast, in Singh's previous cases, the mortgage lenders claimed the value of the debt was in excess of one million dollars. In Case No. 16-10804 the lender filed Proof of Claim No. 4-1 for $1,044,230, and in Case No. 17-12173 the lender filed Proof of Claim No. 4-1 for $1,105,150.

Neither Singh nor any other representative for the Trust appeared at the Debtor's 341 meeting or the hearing on the Motion to Dismiss. No timely response was filed to the Motion.

## Conclusions of Law

The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and the Order of Reference entered by the U.S. District Court for this District on August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

3

The Motion to Dismiss by the U.S. Trustee has been brought before this Court under 11 U.S.C. §§ 109, 707(a) and (b)(3) respectively for consideration of dismissal for both cause and abuse.

Because eligibility has been challenged, the Court must determine (1) whether the Debtor, a trust, is eligible for relief under the Code and (2) which party has the burden of proof on eligibility.

### A. The Debtor is not a Business Trust and is Ineligible to be a Debtor under the Bankruptcy Code

In bankruptcy, only a "business trust" is eligible to be a Debtor under 11 U.S.C. §§ 101(9)(A)(v) and 109(d). The Bankruptcy Code does not define "business trust" and neither the Fourth Circuit nor the courts of the Eastern District of Virginia have addressed the issue.[5] The courts that have addressed the issue are, as one court described it, "hopelessly divided." *In re Catholic School Employees Pension Trust*, 599 B.R. 634, 654 (B.A.P. 1st Cir. 2019) (quoting *In re Medallion Realty Tr.*, 103 B.R. 8, 10 (Bankr. D. Mass. 1989)). Courts have held, in very general terms, that a business trust is one which is formed for a profit purpose, rather than for the purpose of preserving trust property for beneficiaries. *See In re Treasure Island Land Trust,* 2 B.R. 332, 334 (M.D. Bankr. Fl. 1980) (holding "business trusts are created for the purpose of carrying on some kind of business or commercial activity for profit; the object of a non-business trust is to protect and preserve the trust res"). While business trusts may be eligible to be debtors, personal, family, or testamentary trusts are not under 11 U.S.C. §§ 101 (9)(A)(v) and 101. See, *e.g., In re Jin Suk Kim Trust,* 464 B.R. 697 (Bankr. D.Md. 2011).

Various tests have been developed by courts that have addressed the issue. For example, the Sixth Circuit's "primary purpose" test consists of two propositions:

---

[5] The Maryland Bankruptcy Court's *In re Mortg. Banking Tr.*, No. 08-17864, 2008 WL 3126186, at *7 (Bankr. D. Md. July 23, 2008) decision seems to state that *Williams v. Equity Holding Corp.*, 498 F.Supp.2d 831, 846 (E.D. Va.

4

>First, "trusts created with the primary purpose of transacting business or carrying on commercial activity for the benefit of investors qualify as business trusts, while trusts designed merely to preserve the trust res for beneficiaries generally are not business trusts," and second, "the determination is fact-specific, and it is imperative that bankruptcy courts make thorough and specific findings of fact to support their conclusions"—findings, that is, regarding what was the intention of the parties, and how the trust operated.[6]

The Second Circuit employs a multi-factor approach:

> 1) Whether the trust at issue has attributes of a corporation
> 2) Whether it was created for the purpose of conducting a business or whether it was created "to preserve the *res*"
> 3) Whether the trust engages in "business-like activities"
> 4) Whether the trust "transact[s] business for the benefit of investors"
> 5) Whether there is "the presence or absence of a profit motive"

*In re Secured Equip. Tr. of E. Air Lines, Inc.*, 38 F.3d 86, 89,90 (2d Cir. 1994).

Other courts to address the issue require that business trusts, at minimum, "be found to be 'conducting a business' of some kind." *In re Gonic Realty Trust*, 50 B.R. 710, 713 (Bankr. D.N.H. 1985). Courts have also required that the trust have the indicia of a corporation, such as a trustee that manages the trust on behalf of beneficial owners, transferability of beneficial ownership interests, existence of outside investors and perpetual existence. *In re Woodsville Realty Trust*, 120 B.R. 2, 4 (Bankr. D.N.H. 1990) (holding trust was not a business trust where beneficiaries controlled the trustee, the beneficial interests were not transferable, there was a fixed termination date, and no outside investors). One court synthesized the various totality of the circumstance, multi-factor inquiries as follows:

>A fair reading or synthesis of the case law cited above is that the riddle of whether a trust constitutes a valid "business trust" turns upon two generally required elements. The first is whether the trust itself was created for the purpose of transacting business for a profit (as opposed to merely preserving a *res* for beneficiaries). The second is whether the trust in-fact has all of the indicia of a corporate entity. If both of these items are present, then the trust at issue is more

---

2007) establishes a standard for business trusts in the Eastern District of Virginia. However, this case involves the Virginia Business Trust Act, a state law, and does not address the Bankruptcy Code definition of "business trust."
[6] *See In re Kenneth Allen Knight Trust (Knight Trust),* 303 F.3d 671, 680 (6th Cir. 2002) (internal citations omitted).

5

than a gratuitous or ordinary trust and is a business trust. If any one of these two characteristics is not present, then the trust is not a "business trust" and is ineligible for bankruptcy relief under Chapter 11 pursuant to 11 U.S.C. § 109(d).

*In re Dille Family Tr.*, 598 B.R. 179, 194 (Bankr. W.D. Pa. 2019).

Although courts look to trust formation documents to determine whether a trust has a profit motive, courts have held it is inappropriate to allow those documents alone to control the inquiry. See *In re Cath. Sch. Emps. Pension Tr.*, 599 B.R. 634, 662 (1st Cir. BAP 2019) (internal citations omitted). Further, just because a trust happens to engage in business does not make it a "business trust." *Id*. While there is currently no uniform rule, "[t]he one overriding principle that emerges from the cases is that the determination of whether a trust is a business trust is fact-specific and focuses on the purpose and operations of the trust." *Jin Suk Kim Tr.*, 464 B.R. at 704.

Having reviewed the relevant case law, the Court now turns back to section 109(b) of the Bankruptcy Code to determine which approach best accords with the plain language of the Code.

Section 109(b) provides, among other things, that a "person", subject to certain exceptions, may be a debtor under chapter 7 of the Bankruptcy Code. 11 U.S.C. §109(b). "Persons" include, among other things, corporations, and the term "corporation" includes a "business trust." 11 U.S.C. §§ 101(41), 101(9)(A)(v). Because the term "business trust" is included within the definition of corporation, the Court finds it is appropriate to look to corporate indicia when determining if a trust constitutes a business trust. The modifier "business" before the word "trust" requires that the trust at issue must have been formed for a business purpose, and more importantly, have actually engaged in business prior to the petition date. Thus, the Court must look to the substance of the trust's formation and its pre-bankruptcy activities.

The Court agrees that a totality of the circumstances approach is the best way to determine whether the key attributes of a business trust—profit motive in formation, business activity and corporate indicia—are present in a case. In particular, the Court finds the *Dille* court's synthesis of the existing multi-factor tests helpful and will therefore adopt a slightly modified version of that standard here[7]. Accordingly, the Court holds that a business trust is a trust that, based on the totality of the circumstances (i) was formed for the purpose of transacting business for a profit rather than merely preserving the res; (ii) actually engaged in substantial business prior to the petition date and (iii) in-fact has all of the indicia of a corporate entity.

Having identified the appropriate standard to apply, the Court must properly allocate the burden of proof for eligibility under the Code. While there is little case law on the issue, in the context of a motion to dismiss based on eligibility, courts have applied a shifting burden of proof—once the movant has made a *prima facie* showing that the Debtor is a not a business trust, the ultimate burden of persuasion falls on the Debtor. *Cath. Sch. Emps. Pension Tr.*, 599 B.R. at 653 (applying shifting burden as articulated in *In re Gulfcoast Irrevocable Tr.*, 2021 WL 6005716, at *3 (Bankr. D.P.R. Nov. 30, 2012)).

Through its Motion to Dismiss, the U.S. Trustee asserts that the Debtor is not eligible for relief under the Code as it is merely a trust, and not a business trust, because, among other assertions, the Debtor's schedules and petition indicate it:

(1) is an "Irrevocable Trust" contradicting the disclosure on the Deed of Gift attached to the petition describing the Trust as "revocable"

(2) is a "Tax-exempt entity"

---

[7] Although the *Dille* court identified "two generally required elements" – "whether the trust itself was created for the purpose of transacting business" and whether the trust in-fact has all of the indicia of a corporate entity"— the opinion also analyzed whether the trust at issue was engaged in business. Accordingly, this Court will expressly require prepetition business activity as an element, bringing the total elements required to three.

(3) is without gross revenue or non-business revenue, and

(4) has no financial accounts, business records or debts.

In essence, the U.S. Trustee has asserted that the Debtor lacks, among other things, a profit motive and business activity. While these assertions do not end the inquiry, the Court finds they constitute a prima facie challenge to eligibility as they strike at the heart of the business trust inquiry. The schedules provide no indication of a profit motive or previous business activity. Moreover, even though the Deed of Gift attached to the petition indicates the Property was transferred to the Debtor for no consideration in 2015, thereafter, Singh claimed the Property as his own in several unsuccessful bankruptcies. These circumstances support the movant's assertion that this Debtor lacks a profit motive. Accordingly, upon the U.S. Trustee's prima facie showing, the burden shifted to the Debtor to establish eligibility as a business trust. Having made no appearance at the hearing on the Motion to Dismiss and having filed no timely response to the motion, the Court is left with no option but to find that the Debtor has not met its burden.

Accordingly, under the unrefuted record before it, the Court finds that the Debtor is not a business trust and is therefore ineligible to be a debtor under the Code.

B.   *This Case was Filed in Bad Faith.*

The U.S. Trustee has moved to dismiss this case under sections 707(a) and (b)(1) and (b)(3) of the Bankruptcy Code. In addition to the Debtor's ineligibility, the U.S. Trustee also asserts that the Debtor is the alter ego of Singh, a serial filer, who used the Palsata Trust to circumvent this Court's with-prejudice dismissal of his last bankruptcy and, therefore, cause exists to dismiss the case under section 707(a) as a bad faith filing. The U.S. Trustee similarly asserts that the bad faith filing also constitutes abuse under section 707(b)(1) of the Bankruptcy Code.

Section 707(a) permits the Court to dismiss a case once "cause" is established. Section 707(a) does not expressly define cause; instead, it provides three non-exclusive, illustrative grounds for dismissal. *McDow v. Smith*, 295 B.R. 69 (E.D. Va. 2003) (a debtor's bad faith acts or omissions may constitute cause for dismissal in the sound discretion of the bankruptcy court). Courts have held that cause for dismissal may exist if, under the totality of circumstances, a petition has been filed in bad faith. *Marrama v. Citizens Bank of Mass.,* 549 U.S. 365, 127 S. Ct. 1105, 1107 (2007); *In re Sawyer,* Case No. 07-10252-SSM, 2007 WL 1725627 (Bankr. E.D. Va. June 13, 2007); *McDow v. Smith*, 295 B.R. 69, 78 (E.D. Va. 2003). Further, section 707(b)(1) also permits the bankruptcy court to dismiss a case for abuse, and section 707(b)(3) illustrates that a bad faith filing can constitute abuse. 11 U.S.C. §§707(a) and 707(b)(3)(A). "Once a party calls into question a petitioner's good faith, the burden shifts to the petitioner to prove his good faith.*" In re Tamecki*, 229 F.3d 205, 207 (3rd Cir. 2000).

Courts in the Fourth Circuit apply a totality of the circumstances approach in determining a debtor's bad faith. In particular, the Fourth Circuit has affirmed application of an eleven-factor test adopted in *McDow v. Smith*. 295 B.R. at 80, n. 22; *Janvey v. Romero*, 883 F.3d 406, 417 (4th Cir. 2018). The *McDow* factors include:

> (1) The debtor's concealment or misrepresentation of assets and/or sources of income, such as the improper or unexplained transfers of assets prior to filing;
> (2) The debtor's lack of candor and completeness in his statements and schedules, such as the inflation of his expenses to disguise his financial well-being;
> (3) The debtor has sufficient resources to repay his debts, and leads a lavish lifestyle, continuing to have excessive and continued expenditures;
> (4) The debtor's motivation in filing is to avoid a large single debt incurred through conduct akin to fraud, misconduct, or gross negligence, such as a judgment in pending litigation, or a collection action;
> (5) The debtor's petition is part of a "deliberate and persistent pattern" of evading a single creditor;
> (6) The debtor is "overutilizing the protection of the Code" to the detriment to his creditors;
> (7) The debtor reduced his creditors to a single creditor prior to filing the petition;

(8) The debtor's lack of attempt to repay creditors;
(9) The debtor's payment of debts to insider creditors;
(10) The debtor's "procedural gymnastics" that have the effect of frustrating creditors;
(11) The unfairness of the debtor's use of the bankruptcy process.

Although multiple filings are not *per se* prohibited, a debtor's history of filings and dismissals may be evidence of a bad-faith filer. *In re Tomlin,* 105 F.3d 933, 941-42 (4th Cir. 1997) (affirming the dismissal of a serial bankruptcy filer's sixth bankruptcy case with prejudice to refiling for 180 days); *In re LeGree*, 285 B.R. 615, 618 (Bankr. E.D. Pa. 2002) ("Serial filing should also be weighed in considering the totality of circumstances. A history of serial filings and dismissal can be evidence of bad faith."). "A debtor's pre-petition conduct and the frequency with which the debtor has sought previous bankruptcy relief are elements in the debtor's total circumstances." *Id.* (quoting *Society Nat'l Bank v. Barrett*, 964 F.2d 588 (6th Cir. 1992)). In fact, some courts consider serial filing as a badge of bad faith. *Casse v. Key Bank Nat'l Ass'n (In re Casse)*, 198 F.3d 327, 340-41 (2d Cir. 1999) (dismissal with prejudice is warranted where a debtor files a series of bankruptcy petitions that are strategically timed to thwart a secured creditor from foreclosing on its collateral).

Factors that have been considered in determining whether a serial filer has initiated a bankruptcy case in bad faith include:

a. The length of time between the prior cases and the present case;

b. Whether the successive cases were filed to obtain favorable treatment afforded by the automatic stay;

c. The effort made to comply with prior case plans;

d. The fact that Congress intended a debtor to achieve his goals in a single case;

e. Whether there was a material change in the debtor's circumstances since the previous filing that warrants a fresh start;

10

    f.   Whether the debtor's history of past filings reflects an intent to abuse the bankruptcy process through a strategy of successive filings without any real reorganization effort.

*In re Legree*, 285 B.R. at 619.

When considering Singh's past filings and the fact that the Palsata Trust is ineligible to be a debtor, this case constitutes the ninth bankruptcy filed by Singh since 2010. Further, the Debtor and Singh filed this case during the pendency of the previous bar to re-filing. Singh then failed to appear at both the 341 meeting and the hearing on the Motion to Dismiss which demonstrates bad faith. The schedules that were filed contain very little information.

Furthering the evidence that this case was filed both in bad faith and as an alter ego filing, the Debtor listed only nine creditors on the Cover Sheet for the List of Creditors. Docket No. 12. This list is exactly the same as the one Singh filed in his prior individual case. Docket No. 4 in Case 20-10424. The creditors listed are all parties to, or involved with, foreclosure proceedings against the Property.

Judge Kenney addressed Singh's history in the previous dismissal with prejudice and found specifically that:

    a.   There was no business to reorganize, and the case was filed to avoid a foreclosure;

    b.   The case was filed in subjective bad faith and was objectively futile;

    c.   A dismissal with prejudice was in the best interest of all creditors; and

    **d.** The creditors would not be served by conversion to a Chapter 7, as the schedules showed a value of $555,000, and the secured debts exceeded $1.0 million, and there were no other assets to be administered.[8]

Based on the petition and schedules filed in the instant case, there has been no change in circumstances sufficient to show a change from the prior findings or decisions of this Court. As a result, the Court finds that this bankruptcy was filed in bad faith as it is but another case in a long line of serial filings made by Singh in order to frustrate the rights of his creditors by abusing the bankruptcy system. Accordingly, the Court finds that cause exists to dismiss this case under section 707(a)(1).[9]

    C.    *A Dismissal with Prejudice is in the Best Interests of all of the Parties.*

In determining whether to dismiss a case for bad faith, courts have cautioned that such dismissals "should be confined carefully and... generally utilized only in those egregious cases that entail concealed or misrepresented assets and/or sources of income, and excessive and continued expenditures, lavish lifestyle, and intention to avoid a large single debt based on conduct akin to fraud, misconduct, or gross negligence." *McDow v. Smith*, 295 B.R. at 81. Most dismissals for bad faith involve "concealment, misrepresentation, or unexplained transfers to place assets beyond the reach of creditors." *Id.*, at n. 27. The Court finds that dismissal is warranted in this case given Singh's bankruptcy history. In prior bankruptcies, Singh indicated that he personally owned the Property, and although he disclosed the existence of the Debtor, he failed to disclose that the Debtor was the true owner of the Property. Neither the Debtor nor Singh has made any attempt to explain the reason for the transfer or the reason for the previous

---

[8] Case No. 20-10424-BFK, Docket No. 33.
[9] While the Motion also moved under 707(b)(1) for abuse, the Court declines to separately address a 707(b)(1) analysis because the totality of the circumstances inquiry under that standard would reach the same result given the Debtor's bad faith in filing this case.

deception. Therefore, based on the record in this case and Singh's prior cases, the Court finds that the gratuitous transfer of the Property to the Debtor was clearly made in an attempt to frustrate Singh's creditors by placing the Property beyond their reach.

Singh's previous three cases were dismissed with prejudice periods of 90 days, 180 days and 1 year respectively. Each dismissal with prejudice was appealed unsuccessfully. Based on the entire record, this Court finds that when Singh filed the instant case on behalf of the Palsata Trust, he knowingly violated the bar to re-filing issued in his previous personal bankruptcy. Unfortunately, a bar to re-filing against only the ineligible Debtor in this case would not serve to dissuade Singh from filing another bankruptcy shortly after this case's dismissal. Therefore, the Court will dismiss this case with prejudice for two years, as to both the filing Debtor, Palsata Trust, and the Debtor's representative, Palwinder Singh.

## Conclusion

It is therefore **ORDERED:**

1. The Debtor, Palsata Trust, is found to be ineligible to be a Debtor under 11 U.S.C. § 101(9)(A)(v) and 11 U.S.C. § 109(d).

2. The instant case is specifically found to be filed in subjective bad faith and with objective futility and cause exists for its dismissal.

3. This case is dismissed with prejudice for a period of **two years** from the entry of this Order as to both the Palsata Trust and Palwinder Singh, who caused the filing of the case.

4. The Debtor and Palwinder Singh are advised that they have 14 days to note an appeal of this Order by filing a Notice of Appeal with the Clerk of the Bankruptcy Court.

5. The Clerk will mail copies of this Order or will provide CM-ECF notice of the same, to the parties below.

Date: Apr 23 2021

/s/ Klinette H Kindred

Klinette H. Kindred
Bankruptcy Judge

Entered on Docket: Apr 23 2021

Copies To:

Palsata Trust
817 Walker Road
Great Falls, VA 22066
Debtor/Respondent

Palwinder Singh
817 Walker Road
Great Falls, VA 22066

Donald F. King
1775 Wiehle Avenue, Suite 400
Reston, VA 20190
Email: Kingtrustee@ofplaw.com, va50@ecfcbis.com
*Chapter 7 Trustee*

Michael T. Freeman
Asst. United States Trustee
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
Michael.T.Freeman@usdoj.gov
*Counsel for the Acting United States Trustee*